

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

May 22, 2023

<u>By ECF</u>
Hon. Ronnie Abrams
U.S. District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:   *Riverkeeper, Inc. v. R.B. Scrap Iron & Metal, Inc.*, 22 Civ. 4621 (RA)
            <u>Proposed Consent Decree</u>

Dear Judge Abrams:

      I write respectfully to advise the Court that the United States has reviewed the proposed consent decree between plaintiff and defendant and does not object to its entry by the Court in this citizen suit brought under the Clean Water Act, 33 U.S.C. § 1365.[1]

      The plaintiff in a Clean Water Act citizen enforcement suit is required to serve a copy of a proposed consent judgment on the Department of Justice and the U.S. Environmental Protection Agency ("EPA") at least forty-five days prior to the entry of the order. 33 U.S.C. § 1365(c)(3); 40 C.F.R. § 135.5(a). The United States reviews the proposed consent judgment to evaluate whether it complies with the relevant requirements of the statute and is consistent with the statute's purposes. *See generally Local Number 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C v. City of Cleveland*, 478 U.S. 501, 525 (1986) (a consent decree should further the objectives of the law upon which the complaint is based).

      The objective of the Clean Water Act is to "restore and maintain the chemical, physical and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To achieve this end, the statute generally prohibits "the discharge of any pollutant by any person," except when done in compliance with other sections of the Clean Water Act. 33 U.S.C. § 1311(a). The term "discharge of pollutants" includes "any addition of any pollutant to navigable waters from any point source." 33 U.S.C. § 1362(12).

      Plaintiff's complaint alleges that defendant has violated the Clean Water Act by discharging stormwater containing pollutants to waters of the United States without coverage under the applicable stormwater general permit. Dkt. Entry 1, ¶¶ 2-4, 79-168. Plaintiff seeks injunctive and declaratory relief and civil penalties for the asserted Clean Water Act violations.

---

[1] The proposed consent decree does not currently appear in the docket. The version reviewed by the United States is attached hereto as Exhibit A, excluding one voluminous CD exhibit.

In the proposed consent decree, among other things, defendant agrees to implement a Stormwater Pollution Prevention Plan and seek coverage under the applicable general permit. Exhibit A, ¶¶ 10-13. Defendant agrees to take other operational, monitoring, and reporting steps designed to prevent future violations of the Clean Water Act and the applicable general permit and to take corrective actions if exceedances occur. *Id.* ¶¶ 14-24. The consent decree also requires defendant to pay plaintiff $15,000 in previously incurred attorney's fees and costs and to pay up to $5,000 in future costs of compliance monitoring. *Id.* ¶¶ 27-28.

Finally, the consent decree provides for a $12,500 environmental benefit payment "to Groundwork Hudson Valley . . . for use on projects relating to the reduction, mitigation, and/or remediation of the effects of stormwater pollution or environmental restoration of, or other benefit to, the Saw Mill River or Hudson River watersheds." *Id.* ¶ 25. Additional payments may be required if defendant violates the consent decree in certain respects. *Id.* ¶ 26. The United States has received a letter from the Groundwork Hudson Valley confirming that funds received through the proposed consent decree would be used solely for the purposes outlined in the decree, and no portion of the funds would be used for lobbying or other political activities. A copy of the letter is enclosed as Exhibit B. The United States believes that the letter will help ensure that any monies expended under the proposed consent decree will be used in a manner that furthers the purposes of the Clean Water Act and that is consistent with the law and public interest.

The United States has no objection to entry of this consent decree. That said, the United States is not a party to, nor bound by, the consent decree. *See, e.g., Hathorn v. Lovorn*, 457 U.S. 255, 268 n.23 (1982) (Attorney General is not bound to the resolution of issues in cases to which he or she was not a party); *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1356 n.8 (9th Cir. 1990) (United States is not bound by citizen suit settlements brought under the Clean Water Act and may "bring its own enforcement action at any time"); *see also Gwaltney of Smithfield, Ltd. v. Chesapeake Bay Found.*, 484 U.S. 49, 60 (1987) (citizen suits are intended "to supplement rather than supplant governmental action"). The United States' lack of objection to the consent decree does not constitute affirmative approval of the consent decree or any particular element of it.

If the parties subsequently propose to modify the consent decree, they should notify the United States and provide a copy of the proposed modifications to the United States forty-five days before the Court enters an order modifying the consent decree. *See* 33 U.S.C. § 1365(c)(3).

I thank the Court for its consideration of this matter.

                                Respectfully,

                                DAMIAN WILLIAMS
                                United States Attorney

                        By: /s/ Robert William Yalen
                              ROBERT WILLIAM YALEN
                              Chief, Environmental Protection Unit
                              (212) 637-2722

Encl.