UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RIVERKEEPER, INC.
        Plaintiff,

v.

R.B. SCRAP IRON & METAL, INC.
        Defendant.

Case No. 22-CV-4621

---

## MOTION FOR ENTRY OF CONSENT DECREE AND SUPPORTING MEMORANDUM OF LAW

Plaintiff Riverkeeper, Inc., with the consent of Defendant R.B. Scrap Iron & Metal, Inc., respectfully moves the Court to enter the attached proposed consent decree.

On April 7, 2023, Plaintiff notified the Court that the parties had agreed to a settlement of this case. ECF 25. The parties lodged a proposed consent decree with the Court and asked the Court to stay all proceedings pending the conclusion of a required forty-five (45) day review period mandated by the Clean Water Act ("CWA") and its regulations, 33 U.S.C. § 1365(c)(3); 40 C.F.R. § 135.5(b), to allow the United States to review the proposed consent decree. ECF 25. On April 10, 2023, the Court granted the stay. ECF 26. For the Court's convenience, a copy of the proposed consent decree is also submitted herewith.

On April 7, 2023, counsel for Plaintiff provided copies of the fully executed proposed consent decree to the United States Department of Justice ("DOJ") and the United States Environmental Protection Agency ('EPA"). On May 22, 2023, DOJ filed a letter notifying the Court that "the United States has reviewed the proposed consent decree between plaintiff and

defendant and does not object to its entry by the Court in this citizen suit." ECF 28. Thus, the parties have complied with the CWA's procedural requirements.

The Second Circuit has recognized a "strong judicial policy in favor of settlements." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005). In examining a consent decree proposed to resolve a citizen suit, "a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Cub, Inc. v. Electronic Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990) (citing *Citizens for a Better Environment v. Gorsuch*, 718 F.2d 1117, 1125–26 (D.C. Cir. 1983)).

In the context of the CWA, a settlement agreement should seek, among other things, to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Often, voluntary compliance with environmental regulations will "contribute significantly toward ultimate achievement of statutory goals" by reducing the cost of environmental compliance. *Patterson v. Newspaper & Mail Deliverers' Union*, 514 F.2d 767, 771 (2d Cir. 1975). Ultimately, settlements encourage informal resolution of disputes, allowing the parties to "gain significantly from avoiding the costs and risks of a lengthy and complex trial." *Ehrheart v. Verizon Wireless*, 609 F.3d 590, 595 (3d Cir. 2010).

In its Complaint, Plaintiff alleged that Defendant was violating the CWA by discharging polluted stormwater from its scrap metal recycling facility into the Saw Mill River, a water of the United States that in turn discharges to the Hudson River, without authorization under a valid permit. ECF 1 ¶¶ 1-2. In settling this lawsuit, and without admitting or denying Plaintiff's allegations, Defendant obtained coverage under the appropriate permit, which requires Defendant to perform routine maintenance, inspections, and sampling. The parties negotiated a new Stormwater Pollution Prevention Plan ("SWPPP") for the facility, including the

modification of Outfall 001 to eliminate sheet flow and direct stormwater to a discrete discharge point. The SWPPP is attached and incorporated into the proposed consent decree as Exhibit A, and will be fully implemented within three months of entry by the Court. In addition, Defendant is required to pay an Environmental Benefit Payment in the amount of $12,500 to Groundwork Hudson Valley, a 501(c)(3) nonprofit, for use on projects relating to the reduction, mitigation, and/or remediation of the effects of stormwater pollution or environmental restoration of, or other benefit to, the Saw Mill River or Hudson River watersheds.

There is no ongoing dispute between the parties and the settlement is the result of extensive, arms-length negotiations. Having worked in good faith to reach this agreement, the parties contend that the terms are fair, reasonable, and adequate. By requiring Defendant to obtain permit coverage and to assess and improve its stormwater control measures and develop a SWPPP, the proposed consent decree remedies the specific statutory violations alleged in the Complaint. As evidenced by DOJ's review and approval, the agreement is in accordance with public policy. The Court should enter the proposed consent decree and resolve this dispute because doing so will further the CWA's twin policy aims of protecting the health of our nation's waterways and reducing the cost of environmental compliance.

For the reasons stated above, Plaintiff respectfully moves the Court to enter the attached proposed consent decree by signing on page 13 and then e-filing the so-ordered consent decree.

Respectfully submitted this 22nd day of May, 2023.

/s/  Julia Muench
Julia Muench
Super Law Group, LLC
222 Broadway, 22nd Floor
New York, New York 10038
(212) 242-2355

*Attorney for Plaintiff*